**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4765**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

DEION J. JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:17-cr-00027-FPS-JPM-3)

Submitted: May 20, 2019                       Decided: May 29, 2019

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant. William J. Powell, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deion J. Jones appeals the 37-month sentence imposed following his guilty plea to distributing an unspecified quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The lone issue presented on appeal is whether the district court clearly erred in determining the drug quantity attributable to Jones for sentencing purposes. As discussed below, we find no clear error in the district court's ruling and thus affirm.

In reviewing any federal sentence, we are charged with first ensuring that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, consider the 18 U.S.C. § 3553(a) (2012) factors, or adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If a party asserts on appeal a claim of procedural sentencing error that it preserved before the district court, we review for abuse of discretion and will reverse unless we conclude that the error was harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). In evaluating a challenge to the district court's computation of a defendant's Guidelines range, this court reviews for clear error the underlying factual determinations made by the district court and reviews de novo the relevant legal conclusions. *See United States v. Alvarado Perez*, 609 F.3d 609, 612 (4th Cir. 2010).

Of course, "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes" is a classic factual determination that we review only for clear error. *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite

2

and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. *United States v. McGee*, 736 F.3d 263, 271 (4th Cir. 2013). "Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Where, as here, "the drug quantity is not proven by actual seizures or comparable direct evidence, the government must present evidence from which the sentencing court may approximate the quantity." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011) (internal quotation marks omitted). When approximating such an attributable drug quantity, "the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Crawford*, 734 F.3d at 342 (internal quotation marks omitted).

In the presentence report, the probation officer utilized conservative estimates of Jones' relevant conduct to calculate the attributable drug quantity. Specifically, the probation officer relied on the statement of one of Jones' codefendants—to wit, that Jones participated in trafficking oxycodone between Philadelphia and West Virginia three times in 2014—instead of crediting other evidence that supported a finding that Jones trafficked oxycodone many more times. The probation officer further relied on a more conservative estimate as to the number of tablets trafficked each time—300—than

3

otherwise reported. Based on these facts, the probation officer recommended finding that Jones was accountable for 900 30-mg oxycodone tablets. This totaled 27,000 milligrams, or 27 grams, of oxycodone. As 1 gram of oxycodone is the equivalent of 6700 grams of marijuana, the 27 grams of oxycodone converted to 180,900 grams, or 180.9 kilograms, of marijuana. *See* U.S. Sentencing Guidelines Manual § 2D1.1 app. n.8(D) (Drug Equivalency Tables) (2016). This resulted in a base offense level of 24. *See* USSG § 2D1.1(c)(8) (offense level 24 applies to conduct involving more than 100 but less than 400 kilograms of marijuana).

Jones objected to these findings but, based on the evidence presented at sentencing, the district court adopted the recommended finding that Jones transported oxycodone three times. The court further found that, while the witness testimony regarding the transported quantities lacked exactitude, it substantiated the 300-pills-per-trip finding recommended in the PSR. In light of this credited testimony, we find no clear error in the district court's adoption of the probation officer's recommendation as to the drug quantity attributable to Jones. *See United States v. McDowell*, 745 F.3d 115, 120 (4th Cir. 2014) (noting the "considerable deference" this court affords "to a district court's determinations regarding the reliability of information in a PSR," and reaffirming that this court "will not disturb a court's determination regarding the reliability of a PSR unless . . . left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)).

Because the assigned basis for reversal lacks merit, we affirm Jones' criminal judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED